IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRANDON HUGHES                                                                         PLAINTIFF

V.                                                                   NO. 4:17-CV-18-DMB-JMV

SAMSON GAETAN and
TRANSPORT GILMYR, INC.                                                              DEFENDANTS

# ORDER

This personal injury action is before the Court on the defendants' motion to exclude certain opinions of the plaintiff's designated experts. Doc. #38.

## I
## Procedural History

On February 7, 2017, Brandon Hughes filed an amended complaint[1] against Samson Gaetan and Transport Gilmyr, Inc., alleging that he was seriously injured when his car was struck by an 18-wheeler driven by Gaetan and owned by Gilmyr. Doc. #3 at 2. On June 1, 2017, United States Magistrate Judge Jane M. Virden issued a case management order which required, among other things, that Hughes designate his experts by December 1, 2017. Doc. #13.

On November 29, 2017, Hughes filed "Plaintiffs' Designation of Expert Witness," which states, in relevant part:

> 1. Jennifer Goss …. Ms. Goss is a family nurse practitioner licensed to practice in the State of Mississippi. She will be tendered as an expert in the general practice of medicine. Ms. Goss will testify regarding her medical treatment of Plaintiff in her clinic for injuries related to the motor vehicle collision on August 3, 2016 and will testify as to the proximate cause of those injuries. A copy of all records, notes and charges by Jennifer Goss and Family Health Clinic of Grenada have already previously been provided. A copy of her complete Curriculum Vitae has been requested and will be forwarded upon receipt.

---

[1] Hughes filed the amended complaint the same day as his original complaint.

> 2. Alice Messer, FNP, …. Ms. Messer is a family nurse practitioner licensed to practice in the State of Mississippi. She will be tendered as an expert in the general practice of medicine. Ms. Messer will testify regarding her medical treatment of Plaintiff in the Neuro Spine Clinic for injuries related to the motor vehicle collision on August 3, 2016 and will testify as to the proximate cause of those injuries.[] A copy of all records, notes and charges by Jennifer Messer and Neuro Spine Clinic have already previously been provided. A copy of her complete Curriculum Vitae has been requested and will be forwarded upon receipt.
>
> 3. Rahul Vohra, M.D., …. Dr. Vohra is a neurosurgeon licensed to practice in the State of Mississippi. He will be tendered as an expert in the field of neurosurgery. Dr. Vohra will testify regarding the medical treatment of Plaintiff in the Neuro Spine Clinic for injuries related to the motor vehicle collision on August 3, 2016 and will testify as to the proximate cause of those injuries.[] A copy of all records, notes and charges by Dr. Vohra and Neuro Spine Clinic have already previously been provided. A copy of his complete Curriculum Vitae has been requested and will be forwarded upon receipt.
>
> 4. Brady K. McMillen, …. Mr. McMillen will be tendered as an expert in the field of Accident Reconstruction. He will testify regarding interpretation of the data from the ACM/RCM module tested by Defendant from the 2011 Ford F-150 pickup. A copy of his Curriculum Vitae is attached hereto as Exhibit A.

Doc. #29 at 1–2. Hughes did not, and has not, disclosed expert reports for any of the designated experts.

On March 27, 2018, the defendants filed a motion seeking to exclude certain opinions of Hughes' experts. Doc. #38. Hughes responded in opposition, Doc. #50, and the defendants did not reply.

## II
## Analysis

The defendants seek to exclude all of McMillen's opinions and "certain opinions of … Goss, … Messer, and … Vohra that are outside of the information disclosed in their respective medical records." Doc. #39 at 1.

### A. McMillen

The defendants argue that Hughes failed to satisfy the disclosure requirements with respect

to McMillen and that the opinions in McMillen's expert disclosure are otherwise inadmissible. Doc. #39 at 3. In his response, Hughes concedes that McMillen's opinions should be excluded. Doc. #51 at 2. Accordingly, the defendants' motion to exclude will be granted in this respect.

### B. Goss, Messer, and Vohra

The defendants contend that Goss, Messer, and Vohra were designated only as treating physicians and that, therefore, their testimony "should be limited to their specific medical records related to their respective treatment of Plaintiff." Doc. #39 at 5. The defendants further argue that because "the medical records do not include a causal analysis," the providers "cannot now develop a causal opinion outside the medical records for purposes of litigation." *Id.* at 6. Hughes responds that the defendants' motion is premature because the experts have not proffered any opinions. Doc. #51 at 2–6. This Court agrees with Hughes.

Federal Rule of Civil Procedure 26 governs discovery in federal court. With regard to experts, Rule 26(a)(2)(A) requires that "a party must disclose … the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(B) mandates that the disclosure be accompanied by an expert report. In the event a report is not required, the disclosure must identify "the subject matter on which the witness is expected to present evidence … and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

"A number of courts agree that a treating physician may testify as a non-retained expert witness—and therefore need not provide an expert report—if the testimony is confined to facts disclosed during care and treatment of the patient." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502

(S.D. Tex. 2008) (internal quotation marks omitted) (collecting cases). While judges in this state[2] and elsewhere[3] have stated that a treating physician who has not been designated as a retained expert witness is limited to matters included in the relevant medical records, nothing in Rule 26 imposes such a requirement. To the contrary, the Advisory Committee Note to Rule 26 makes clear that an "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit … should be treated as an ordinary witness."[4] It is axiomatic that ordinary witnesses, whether giving opinion or fact testimony, are not limited to the contents of contemporaneous reports. Accordingly, treating physicians should not be subject to such a restriction. Thus, "[t]he relevant inquiry for a treating physician is not whether the testimony goes beyond his or her literal medical records. The relevant inquiry is whether the doctor acquires his or her personal knowledge through his or her treatment of the patient," as opposed to acquiring such information in preparation for trial. *St. Vincent v. Werner Enters., Inc.*, 267 F.R.D. 344, 346 (D. Mont. 2010) (alterations and internal quotation marks omitted). In this regard, while the absence of certain facts and opinions from medical records may suggest that such facts and opinions were not observed or developed through treatment of a patient, such absence is not dispositive of this question.[5]

---

[2] *See, e.g., Walker v. Target Corp.*, No. 2:16-CV-42, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017) ("[I]f a treating physician's expected testimony—whether fact or opinion—is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B)."); *Parker v. Pitts*, No. 1:16CV431, 2017 WL 8131475, at *3 (S.D. Miss. Nov. 21, 2017) (same).

[3] *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004) ("It is indeed certain that a treating physician, who has not complied with the reporting requirement, … should not be permitted to render opinions outside the course and treatment and beyond the reasonable reading of the medical records.") (collecting cases).

[4] Fed. R. Civ. P. 26 advisory committee's note to 1970 amendment.

[5] Mississippi state law cited by the defendants which holds that a physician may not base an opinion only on "the history from the patient herself," *Buckley v. Singing River Hosp.*, 146 So.3d 365, 375 (Miss. Ct. App. 2013), is not to the contrary. Such law, which goes to the relevancy of the opinions, *see Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002) ("State witness competency rules are often intimately intertwined with a state substantive rule … especially …

Here, there is no indication or argument that Hughes' healthcare providers intend to offer, or have offered, opinions beyond those developed during their treatment of Hughes. Nor is there any evidence showing on what, if anything, the providers based any opinions. In the absence of such evidence and to that extent, the defendants' motion to exclude opinions beyond the scope of the medical records will be denied.[6]

### III
### Conclusion

For the reasons above, the defendants' motion to exclude opinions [38] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks to exclude McMillen's opinions. The motion is DENIED in all other respects.

**SO ORDERED**, this 22nd day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

with medical malpractice statutes, because expert testimony is usually required to establish the standard of care."), speaks to the factual bases of the opinion, not from where the factual bases is derived.

[6] Of course, any facts and opinions to be offered must have been sufficiently disclosed in accordance with Federal Rule of Civil Procedure 26's disclosure requirements and Federal Rule of Evidence 702's reliability standard. To the extent no specific opinions have been disclosed, it is impossible at this time to determine whether either requirement has been satisfied. Should the providers' opinions exceed the scope of Hughes' Rule 26 disclosures or be based on unreliable methods, exclusion on such grounds would be warranted.